## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| VICTOR MITKAL and MARY ANNE MITKAL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED PARCEL SERVICE COMPANY, ) <br> ) <br> Defendant. ) | CASE NO. 09-cv-3355 <br><br> Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion, brought pursuant to 28 U.S.C. § 1404(a), to transfer this case to the United States District Court for the Southern District of Indiana [13], as well as the accompanying briefs filed by the parties [14, 19, 23]. For the reasons set forth below, Defendant's motion [13] is respectfully denied.

The case arises out of an automobile accident that occurred on Interstate 65 in Boone County, Indiana. Boone County is situated along the outskirts of Indianapolis. Plaintiffs allege in their complaint [see 1] that an employee of Defendant injured Plaintiffs when the employee's truck collided with a parked car that, in turn, struck Plaintiffs' car. The complaint comprises two counts of negligence (one count per plaintiff) and a loss of consortium claim. Defendant argues that the Southern District of Indiana furnishes a superior forum for litigating this case.

**I. Legal Standards Governing Section 1404(a) Motions**

A district court, "[f]or the convenience of parties and witnesses, in the interest of justice, * * * may transfer any civil action to any other district court where" jurisdiction and venue would have been proper at the time the suit was initiated. 28 U.S.C. § 1404(a); *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (situation at the initiation of the suit affords the critical

timeframe). The moving party has the burden of establishing "that the transferee forum is clearly more convenient," based on the particular facts of the case. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The district court has the authority to "make whatever factual findings are necessary * * * to determin[e] where venue properly lies." *In re LimitNone, LLC*, 551 F.3d 572, 577 (7th Cir. 2008).

In evaluating motions brought pursuant to Section 1404(a), the Court considers several factors: (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of witnesses, (4) the interests of justice, and (5) the location of the material events giving rise to the case. *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996) (listing the first four statutory factors); *Continental Cas. Co. v. Staffing Concepts, Inc.*, 2009 WL 3055374, *2-3 (N.D. Ill. Sept. 18, 2009) (same; elaborating on private- and public-interest sub-factors).[1] Although the statute itself lists only the first four factors, considering additional factors, such as location of the material events, is appropriate: the Seventh Circuit teaches that the specified statutory "factors are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case." *Coffey*, 796 F.2d at 219 n.3; see also *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (explaining that the broad discretion accorded the trial court is a product of the "in the interest of justice" language of the statute); *Am. Commercial Lines, LLC v. Northeast Maritime Institute, Inc.*, 588 F. Supp. 2d 935, 945 (S.D. Ind. 2008) (observing that courts "entertain a wide variety of factors" in evaluating venue transfer motions).

---

[1] Beyond the statutory factors, there appears in the case law variations among courts as to the specific factors that should be analyzed, as well as the classification of those factors. Compare, *e.g.*, *Am. Family Ins. ex rel. Suddarth v. Wal-Mart Stores, Inc.*, 2003 WL 1895390, *1 (N.D. Ill. Apr. 17, 2003), with *Graham v. United Parcel Svc.*, 519 F. Supp. 2d 801, 808-09 (N.D. Ill. 2007). More precisely, courts vary in their formulations but generally, in the end, consider the same factors.

The first factor, the plaintiff's choice of forum, typically is accorded significant weight. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp v. Gilbert*, 330 U.S. 501, 508 (1947)). The Seventh Circuit has stated, however, that the Plaintiff's choice of forum has only "minimal value where none of the conduct occurred in the forum selected by the plaintiff." *Chicago, Rock Island, & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955).

With regard to the second factor, courts consider the residences and resources of the parties—in essence, their "abilit[y] to bear the expense of trial in a particular forum." *Von Holdt v. Husky Injection Molding Sys. Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995). Examination of the third factor, the convenience of witnesses, emphasizes not just the raw number but "the nature and quality of the witnesses' testimony." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 858 (N.D. Ill. 2007). Many courts state that, all other things being equal, the convenience of non-party witnesses is accorded greater weight than the convenience of party witnesses, the latter of whom have to participate (or rather, whose non-participation brings more easily administered consequences). See, *e.g.*, *First Nat'l Bank v. El Camino Resources, Ltd.*, 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006). At the same time, a movant cannot meet its burden with only vague statements about the inconvenience imposed by the litigation on non-party witnesses: "The party seeking transfer must specify the key witnesses to be called and make a generalized statement of their testimony." *Id.* (citing *Federated Dept. Stores, Inc. v. U.S. Bank Nat'l Assoc.,*, 2001 WL 503039, *4 (N.D. Ill. May 11, 2001)); see also *Am. Family Ins. ex rel. Suddarth v. Wal-Mart Stores, Inc.*, 2003 WL 1895390, *2 (N.D. Ill. Apr. 17, 2003) (defendant must show that the testimony of the particular witnesses is necessary to its case).

The broadly worded fourth factor, "the interest of justice," captures several considerations, including

> relative ease of access to sources of proofs; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; the possibility of a view of the premises; and the state of the court calendar both in the District where the case is pending, and in the District to which it is sought to have the case transferred.

*Igoe*, 220 F.2d at 303; see also *In re Nat'l Presto Indus., Inc.*, 347 F.3d at 664 (discussing the "subpoena range" of the district court). Courts also consider their familiarity with the applicable law and "the desirability of resolving controversies in their locale." *Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 841 (N.D. Ill. 2009).

The fifth factor, the location of the material events giving rise to the case, becomes comparably more important when it differs from the plaintiff's choice of forum. *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007). Beyond that refinement, the factor generally garners little comment other than to note that it bears on the analysis.

## II. Analysis

Defendant has not satisfied its burden of demonstrating that the Southern District of Indiana furnishes a better forum for litigating this case. As a threshold matter, the parties agree that venue would be proper in both this district and in the proposed transferee court. See also 28 U.S.C. § 1391(a)(3) (civil action in which jurisdiction founded on diversity of citizenship may be brought in "a judicial district where any defendant resides" if all defendants reside in the same State), *Id.* § 1391(c) (corporation resides, for venue purposes, anywhere that it is subject to personal jurisdiction at the time of an action's commencement). Likewise, the parties are of

diverse citizenship because Plaintiffs are Illinois citizens[2] and Defendant is a Delaware corporation with its principal place of business in Georgia. Beyond satisfaction of those statutory requisites (see 28 U.S.C. § 1404(a)), however, the pertinent considerations do not warrant a change of venue in this case.

The Plaintiffs' choice of forum (the first factor) weighs in favor of denying Defendant's motion, although it gets "minimal" weight because the location of the events giving rise to the suit (the fifth factor) is in the Indianapolis Division of the Southern District of Indiana. *Igoe*, 220 F.2d at 304.

The convenience of the parties also weighs against Defendant's motion. Defendant represents that "[i]t would not be particularly inconvenient for either side to litigate in Indiana or Illinois" because Illinois is "only a state away from Indiana." Pl. Mem. at 6. Plaintiffs, however, contend that transferring the case to the Southern District of Indiana would require them to "travel more than 150 miles from the Chicago area where they live and work." Pl. Resp. at 5. Although neither party has submitted much briefing on this issue, the Court agrees that it would likely impose a greater hardship on Plaintiffs, who are individuals, to litigate this case in Indianapolis. Given that Defendant acknowledges its agnosticism on the question, the factor weighs against transferring the case.

Evidence related to the convenience of the witnesses is mixed, but Defendant fails to meet its burdens because it has presented only generalities about the witnesses in this case—in particular, Defendant fails to describe the importance of the Indianapolis-proximate witnesses to its case or elucidate the nature of the testimony of those witnesses. Of the five eyewitnesses to

---

[2] The Court notes that Defendant's notice of removal states that Plaintiffs are Illinois residents. Citizenship, not residence, is what matters for diversity purposes. *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). At the Court's next status hearing, counsel for Plaintiffs should come prepared to address Plaintiffs' citizenship.

the accident, only one lives closer to Indianapolis than Chicago. Beyond those witnesses, who will likely play a critical role in the litigation, Defendant provides only generalities about "the rest of the relevant witnesses who either witnessed the scene or treated Plaintiffs immediately after the car accident." While these individuals may reside in Indianapolis, and their number appears great—Defendant has listed among those witnesses the firefighters on the scene and the state and county police officers—Defendant has discussed neither the nature of these individuals' testimony nor the importance of those witnesses to its case. And although Plaintiffs' initial medical care took place in Indiana, which care is likely to bear on both causation and damages, subsequent care has been provided by medical personnel in Illinois.

As to the interest of justice, too, the record is mixed. Defendant argues that the Southern District of Indiana would be more familiar with the law governing Plaintiffs' case and that the interest of justice would be furthered by litigating the case where the accident occurred. Of course, both factors are present in any case in which plaintiff's forum differs from the forum where the events giving rise to the case take place. However, Plaintiffs' complaint makes out claims that are common in many jurisdictions: negligence and loss of consortium. The Court does not perceive, and Defendant has not suggested, that the matters are likely to present thorny issues of state law; both claims are more likely to be resolved based on complicated issues of fact. And although it is generally desirable to resolve a controversy in its locale (*Rabbit Tanaka Corp.*, 598 F. Supp. 2d at 841), Defendant acknowledges that cases in the Northern District of Illinois are resolved faster than in the Southern District of Indiana by roughly 50 percent. The difference is less pronounced for cases that proceed to trial, but faster nonetheless. See Def. Mem. at 8. Neither party has suggested that access to sources of proofs renders one forum more

appropriate than another. Thus, the Court concludes that this factor does not weigh in favor of either the Northern District of Illinois or the Southern District of Indiana.

In sum, although it is by no means self-evident that the Northern District of Illinois affords a superior forum for litigating this case, Defendant has not demonstrated that the Southern District of Indiana is superior. That was Defendant's burden, and, because Defendant has not satisfied the burden, its motion must be denied. Even a tie preserves the status quo, but here the factors tip, if at all, in the direction of Plaintiffs. The preference for Plaintiffs' forum of choice is weakened by the location of the accident, but nonetheless weighs in favor or denying Defendant's motion—as does the hardship that will be imposed on Plaintiffs in litigating a case more than 150 miles from their home. All but one of the eye witnesses to the accident resides in closer to Chicago than Indianapolis. Although other witnesses reside closer to Indianapolis than Chicago, Defendant has not presented the Court with the nature of their testimony or otherwise specified how and why the witnesses are important to its case. The interest of justice is not clearly served by transferring the case out of this Court. And although the location of the accident was not very far from Indianapolis, that single factor is not dispositive as a general matter. Likewise, the Court perceives no factual "subtleties" (*Coffey*, 796 F.2d at 219) that would make that factor dispositive in this case.

**III.     Conclusion**

For the foregoing reasons, Defendant's motion to transfer this case [13] is denied.

Dated:  December 4, 2009

_____
Robert M. Dow, Jr.
United States District Judge