Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3355 | **DATE** | 2/4/2011 |
| **CASE TITLE** | Mitkal vs. Cassen Transport Co., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiffs' amended motion to dismiss Defendant United Parcel Service [83] is stricken. Defendant United Parcel Service was dismissed from the case pursuant to the parties' stipulation [see 83, Ex. 1] without any need for court order (see Fed. R. Civ. P. 41(a)(1)(A)(ii)). Furthermore, the Court has noted that Plaintiffs' second amended complaint [80] adds as parties to this action two non-diverse Defendants – that is, two Defendants who are citizens of the same state (Illinois) as Plaintiffs. Because the addition of those Defendants destroys this Court's subject matter jurisdiction, this action is remanded to the Circuit Court of Cook County. See 28 U.S.C. § 1447(c).

■[ For further details see text below.]                                    Notices mailed by Judicial staff.

## STATEMENT

In June 2009, this matter was removed to this Court on the basis of diversity jurisdiction. Following the entry of the Court's memorandum opinion and order of January 18, 2011 [74], Plaintiffs filed an unopposed motion for leave to file a second amended complaint [75], which the Court granted on January 31, 2011. The second amended complaint [80] was filed later that day and entered on the docket on February 1, 2011. Plaintiffs also have filed a motion to dismiss Defendant UPS pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), and have attached to their motion a stipulation signed by counsel for Plaintiffs and by counsel for UPS. The motion to dismiss is noticed for presentment on February 9, 2011 before Magistrate Judge Schenkier, to whom this case has been referred for discovery supervision.

The motion to dismiss is unnecessary, because the stipulation effectively resulted in voluntary dismissal of the claims as to UPS by operation of law. Rule 41 permits a plaintiff to "dismiss an action without a court order" by filing "a stipulation of dismissal signed by all parties who have appeared." As of the date of the stipulation (2/1/2011), only Plaintiffs and UPS had appeared in this action; the new Defendants added to the case in the second amended complaint filed on January 31 had not appeared by the next day – indeed, there is no evidence that they had even been served by then. Accordingly, no court order is required to effectuate the dismissal of UPS as a Defendant in this lawsuit, and the parties were free to stipulate that the dismissal of UPS would be with prejudice. Because the motion to dismiss [83] is unnecessary – and would need to be noticed before the district court in any event (if it were necessary) – the motion is stricken.

Furthermore, upon review of the amended complaint, it is evident that the addition of new, non-diverse parties mandates remand of this case to the Circuit Court of Cook County. See *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998) ("The presence of the nondiverse party automatically destroys original jurisdiction: No party need assert the defect. No party can waive the defect or consent to jurisdiction. * * * No

| STATEMENT |
|---|
| court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own."). Specifically, two of the three new Defendants – Defendant Cole and Defendant Cassen Transport Company – are alleged to be citizens of Illinois for purposes of diversity jurisdiction. Plaintiffs likewise are citizens of Illinois. With complete diversity destroyed as a result of the filing of the amended complaint, this Court now lacks subject matter jurisdiction and must "remand the entire action to state court." *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996); see also *Stevens v. Brink's Home Security, Inc.*, 378 F.3d 944, 949 (9th Cir. 2004) ("once the non-diverse defendants were joined remand became mandatory"); 28 U.S.C. § 1447(c).<br><br>*[signature]* |